| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| JIMMY LEE DAVIS, | Case No. 12-cv-01057 NC |
|---|---|
| Plaintiff, | **REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE** |
| v. | |
| UNITED STATES, | Re: Dkt. No. 3 |
| Defendant. | |

Plaintiff Jimmy Lee Davis moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 3. As this Court does not have the authority to make a dispositive ruling in this case because the parties have not consented to its jurisdiction under 28 U.S.C. § 636(c), the Court orders that this case be REASSIGNED to a District Judge. The Court RECOMMENDS that Davis' complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from the United States, which is immune from such relief.

## I. BACKGROUND

In the complaint, Davis alleges that he and "other blacks are entitled to reparations culminating from Article # 1 Section 9 of the constitution . . . since it gave slavers the green light to import hundreds of thousands of men, women and children to American shores subjecting them

to atavistic bondage." Compl. ¶ 2, Dkt. No. 1. Davis further alleges that he "would like for the court to meticulously muse upon the governments [sic] pretext for ordering black, atavistic slavery" under Article I, Section 9 of the Constitution. *Id.* ¶ 4. Davis seeks "reparations" from the United States for these alleged wrongs. *Id.* ¶ 10.

## II. STANDARD OF REVIEW

Any person seeking to commence a civil suit in district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). A district court has the authority to waive this fee for any person who shows in an affidavit that he or she is unable to pay it. 28 U.S.C. § 1915(a)(1). A district court must dismiss the complaint of an IFP applicant if it determines that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal under the IFP statute is not a dismissal on the merits and "does not prejudice the filing of a paid complaint making the same allegations." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## III. DISCUSSION

Davis has shown in his IFP application that he is unable to pay the filing fee required to file a complaint in district court. *See* IFP Application, Dkt. No. 3. Accordingly, his IFP application is GRANTED. Davis' complaint, however, must be dismissed under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from a defendant who is immune from such relief.

**A.     The complaint is frivolous**

The Supreme Court has held that an action is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The determination of whether a claim is frivolous is within the discretion of the district court. *Denton*, 504 U.S. at 33 ("[T]he [IFP] statute's instruction that an action may be dismissed if the court is 'satisfied' that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court

entertaining the in forma pauperis petition.").

Here, Davis seeks reparations from United States for condoning slavery. This claim lacks an arguable basis in law, because it is time-barred. "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). The events giving rise to the Davis' claim occurred more than six years ago. Indeed, Davis admits that the slave trade "commenced" in 1619 and ended in 1865. Compl. ¶ 2. Accordingly, the claim is barred under the statute of limitations in 28 U.S.C. § 2401(a) and must be dismissed as frivolous under the IFP statute. *See Powell v. United States*, No. 94-cv-01877 CW, 1994 WL 16180202, at *1 (N.D. Cal. Jun. 20, 1994) (dismissing claim brought by an IFP plaintiff against the United States for harms arising out of the government's authorization of slavery because such claim is time-barred under 28 U.S.C. § 2401(a)).

Additionally, Davis' complaint also must be dismissed as frivolous under the IFP statute because it is barred by sovereign immunity, as will be discussed below.

**B.     The complaint fails to state a claim upon which relief can be granted**

Davis seeks reparations from the United States under Article I, Section 9 of the Constitution. Compl. ¶¶ 2, 10. Article 1, Section 9 prohibits Congress from undertaking certain actions; it does not provide a cause of action for claimants seeking reparations for the government's authorization of slavery. Davis identifies no other constitutional or statutory basis for his claim. Accordingly, Davis' complaint fails to state a claim upon which relief can be granted and must be dismissed under the IFP statute.

**C.     The complaint improperly seeks monetary relief from the United States**

Because Davis seeks monetary relief from the United States, and the United States is immune from such relief, Davis' complaint must be dismissed under the IFP statute.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Cato*, 70 F.3d at 1107 (citation omitted). A "waiver of the government's sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* (citation and internal quotation

Case No. 12-cv-01057 NC
REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION
3

marks omitted). The plaintiff has the burden of establishing waiver. *Id.*

Here, the Ninth Circuit has held that suits seeking monetary damages from the United States based on the government's sanction of slavery are barred by sovereign immunity. *Cato*, 70 F.3d at 1107-11 (holding that "sovereign immunity bars [plaintiff's] request for damages" for claims arising out of "the fact of slavery, kidnapping, and other offenses to [plaintiff's] ancestors").

## IV. CONCLUSION

Because Davis' complaint is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from a defendant who is immune from such relief, it must be dismissed under 28 U.S.C. § 1915(e)(2)(B). As the deficiencies in the complaint cannot be cured, the complaint must be dismissed with prejudice. *See Cato*, 70 F.3d at 1111 (holding that "the deficiencies in [plaintiff's] claim for damages cannot be cured" because no waiver of sovereign immunity exists to allow suits seeking damages from the United States for wrongs arising out of its authorization of slavery).

IT IS SO ORDERED.

Date: May 21, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-01057 NC
REFERRAL FOR REASSIGNMENT    4
WITH RECOMMENDATION